# In the United States District Court,
## Northern District of Ohio,
## Western Division

| | |
|---|---|
| United States of America, | Case No. 3:19-cr-0294-06 |
| Plaintiff, | Judge James G. Carr |
| v. | |
| Jamel Gaines, | |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence under Amendment 821 to the Sentencing Guidelines**.** (Doc. 1050). In accordance with this Court's Order, after filing the Motion *pro se,* the matter was referred to the Federal Public Defender's Office (FPD) for review. N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, the FPD has the right to file a supplemental motion in support of a *pro se* defendant's request. *Id.* ¶V. The FPD filed a Notice of No Intent to Supplement (Doc. 1052). The Government has filed a Response in Opposition. (Doc. 1053).

## Background

Defendant entered a plea of guilty to Conspiracy, two counts of Possession, and Use of a Communications Facility to Facilitate. (Doc. 785, pgID 5942-3). After various adjustments, his Offense Level was calculated to be 27. (*Id.*, pgID 5065). His criminal history score was eight. However, two "status points" were added due to Defendant's act of committing crimes while under a prior criminal justice sentence. (*Id.* at 5977). With a score of ten, Defendant's Criminal History Category was a V. (*Id.*). The resulting Guideline Range was 120-150 months. (*Id.* at 5986).

1

On September 20, 2021, I sentenced Defendant to a term of 120 months as to Counts 1, 2, and 3 and 48 months as to Count 79 to run concurrently. (Doc. 840; Doc. 846). This was the mandatory minimum sentence for Conspiracy (Count 1).

## Discussion

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history. Under revised § 4A1.1(e), a person who otherwise presents seven or more criminal history points receives one additional "status" criminal history point, instead of two, while a person who otherwise presents six criminal history points or less, receives no status points.

Applying these changes to Defendant, he would now receive one status point, instead of two, for a total of nine criminal history points. This would reduce his Criminal History Category to IV and his Guideline Range to 100-125 months. His original sentence - 120 months - falls within the revised Guideline Range.

Additionally, Defendant is not eligible for sentence reduction under Amendment 821 because he is subject to a statutorily mandated minimum sentence, which is the sentence he received.

 For the foregoing reasons, it is hereby

ORDERED THAT: The Defendant's Motion to Reduce Sentence (Doc. 1050) be, and the same hereby is, **denied**.

So ordered.

                                              /s/ James G. Carr
                                              Sr. U.S. District Court Judge